IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 26, 2007

## MATHIS T. VAUGHN v. JAMES WORTHINGTON, WARDEN

**Appeal from the Criminal Court for Morgan County**
**No. 9258     E. Eugene Eblen, Judge**

———————————

**No. E2007-00808-CCA-R3-HC - Filed January 4, 2008**

———————————

The petitioner, Mathis T. Vaughn, appeals the summary dismissal of his petition for writ of habeas corpus. In this appeal, he asserts that the habeas corpus court erred by dismissing his petition prior to the appointment of counsel and that his conviction for first degree felony murder is void because (1) the trial court failed to charge any lesser included offenses of felony murder and (2) the indictment did not charge an underlying felony to support the felony murder charge. The judgment of the habeas corpus court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and NORMA MCGEE OGLE, J., joined.

Mathis T. Vaughn, Petros, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Rachel E. Willis (on appeal) and John H. Bledsoe (at trial), Assistant Attorneys General, for the appellee, State of Tennessee.

### OPINION

In March 1993, the petitioner was convicted of first degree felony murder and sentenced to life imprisonment. On direct appeal, the petitioner challenged only the trial court's refusal to give his specially requested jury instruction on premeditation. Because the petitioner was convicted of felony murder and acquitted of premeditated murder, this court affirmed the conviction and sentence. *See State v. Mathis T. Vaughn*, No. 01C01-9312-CR-00425 (Tenn. Crim. App., Nashville, June 9, 1994). In July 1995, the petitioner filed an unsuccessful petition for post-conviction relief, claiming that he was denied the effective assistance of counsel at trial. This court affirmed the denial of post-conviction relief. *See Mathis T. Vaughn v. State*, No. M2000-00755-CCA-R3-PC (Tenn. Crim. App., Nashville, Mar. 29, 2001).

In October 2006, the petitioner filed a petition for writ of habeas corpus wherein he alleged that his conviction is void because the indictment failed to allege an underlying or predicate felony offense to support the felony murder charge and because the trial court failed to instruct on any lesser included offenses of felony murder. Although the record is not entirely clear, it appears that at some point, the habeas corpus court appointed counsel to represent the petitioner in his habeas corpus action. On November 10, 2006, the petitioner filed a motion to remove the Public Defender's Office as counsel of record, and the habeas corpus court granted the motion after a hearing on February 13, 2007. Before appointing substitute counsel, the habeas corpus court summarily dismissed the petition for habeas corpus relief on March 28, 2007. The petitioner filed a timely notice of appeal.

In this appeal, the petitioner reiterates his claims that his conviction is void because the indictment does not include a separate count for the predicate felony offense of robbery and because the trial court failed to instruct on any lesser included offenses of felony murder. He also contends that the petition should not have been dismissed before substitute counsel was appointed. The State contends that neither claim, even if true, would entitle the petitioner to habeas corpus relief and that summary dismissal was, therefore, proper. We agree with the State.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101 (2000). Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Henderson*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Because in the petitioner's case the sentence has not expired and the trial court apparently had jurisdiction over the *actus reus*, the subject matter, and the person of the petitioner, the petitioner's issues are limited to the claims that the court was without authority to enter the judgments. *See Anglin*, 575 S.W.2d at 287 ("'Jurisdiction' in the sense here used, is not limited to jurisdiction of the person or of the subject matter but also includes lawful authority of the court to render the particular order or

judgment whereby the petitioner has been imprisoned."); *see also Archer*, 851 S.W.2d at 164; *Passarella*, 891 S.W.2d at 627.

The petitioner's first claim, that the trial court did not provide instructions on any lesser included offenses of felony murder, even if true, would not entitle the petitioner to habeas corpus relief. Although the failure to instruct on appropriate lesser included offenses is indeed an error of constitutional magnitude, *see generally State v. Allen*, 69 S.W.3d 181 (Tenn. 2002), omission of instructions on lesser included offenses renders the conviction voidable rather than void. *See, e.g., William W. Osepczuk v. State*, No. M2006-00131-CCA-R3-HC, slip op. at 3 (Tenn. Crim. App., Nashville, Jan. 8, 2007).

Next, the petitioner's claim that the indictment fails to charge a predicate felony to support his conviction for felony murder is not supported by the record. The indictment in this case contains two charges: first degree premeditated murder and first degree felony murder committed in the perpetration of a robbery. The petitioner correctly points out that the indictment does not contain a separate count charging the petitioner with robbery. The count charging felony murder does, however, allege that the murder occurred during the perpetration of a robbery. The language of the indictment is sufficient to provide notice of the charge, enable entry of a proper judgment, and protect against double jeopardy. *State v. Byrd*, 820 S.W.2d 739, 741 (Tenn. 1991) (citing *State v. Pearce*, 7 Tenn. (Peck) 65, 67 (1823); *State v. Haynes*, 720 S.W.2d 76, 82 (Tenn. Crim. App. 1986)). To the extent that the petitioner's second claim can be construed as a challenge to the sufficiency of the convicting evidence, such a challenge is not cognizable in a habeas corpus proceeding. *See Gant v. State*, 507 S.W.2d 133, 136 (Tenn. Crim. App. 1973). Thus, the petitioner is not entitled to relief on this issue.

Finally, because neither of the petitioner's claims renders his conviction void, the habeas corpus court did not err by dismissing the petition prior to the appointment of substitute counsel. "[W]here the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing." *McLaney v. Bell*, 59 S.W.3d 90, 93 (Tenn. 2001). Further, "an indigent petitioner does not have a right to appointed counsel in a habeas corpus action except to the extent that appointment of counsel is found to be 'necessary' within the meaning of Tennessee Code Annotated section 40-14-204." *Summers v. State*, 212 S.W.3d 251, 261 (Tenn. 2007).

## CONCLUSION

Neither of the petitioner's claims renders his conviction for first degree felony murder void. Accordingly, the trial court did not err by dismissing the petition without a hearing or the appointment of substitute counsel.

_____
JAMES CURWOOD WITT, JR., JUDGE